UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN F. WARREN,<br><br>                    Plaintiff,<br><br>v.<br><br>CORIZON HEALTH; DR. APRIL DAWSON, M.D.; MICHAEL TAKAGI, PA-C; DIANE DICE, PA-C; STEVEN STEDTFELD, PA-C; DAVID FOSS, NP RYAN VALLEY, HSA; BRISTY DELAOE; JOHN DOE PROVIDER; JANE DOE PROVIDER; STEVEN LITTLE, WARDEN; BRENT REINKE, DIRECTOR OF IDAHO DEPT. OF CORRECTIONS,<br><br>                    Defendants. | Case No. 1:14-cv-00011-EJL-CWD<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Pending before the Court in this prisoner civil rights matter is Plaintiff's Motion to Amend Complaint. (Dkt. 28.) The motion is now fully briefed.

Having fully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional

**REPORT AND RECOMMENDATION  - 1**

process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motion, briefs and record without oral argument. Dist. Idaho L. Rule 7.1(d). The Court makes the following report and recommendation.

## BACKGROUND

Plaintiff, a prisoner in the custody of the Idaho Department of Correction (IDOC), filed his complaint against Defendants on January 10, 2014, alleging that Corizon Health allows its medical providers to prescribe nonsteroidal anti-inflammatory drugs (NSAIDs), such as Ibuprofen, Meloxicam (Mobic), and Naproxen, that are known to cause intestinal bleeding and other health problems if used over a long period of time. Plaintiff claims that the decisions of Defendant medical providers— Dr. April Dawson, Michael Takagi, Diana Dice, Steven Stedtfeld, and David Foss—to prescribe him this type of medication for four years has caused him to suffer from colon ulcers, intestinal bleeding, gastritis, inflammatory bowel disorder, and other injuries known to be linked to the use of NSAIDs. He alleges that each Defendant acted with deliberate indifference in prescribing these medications to Plaintiff without providing precautionary information, knowing that the medications would cause Plaintiff injury. Additionally, Plaintiff brought state law claims under the Court's supplemental jurisdiction.

On May 7, 2014, the Court entered its initial review order allowing certain claims to proceed.[1] As to the state law claims, the Court articulated that Plaintiff had not clearly stated which type of state law claims he wished to pursue, and allowed him to file an amended complaint to clarify the causes of action in the Complaint. Later, Defendants

---

[1] Additional claims not mentioned here were not allowed to proceed. (See Dkt. 9.)

**REPORT AND RECOMMENDATION - 2**

filed a motion for summary judgment, which was granted in part and denied in part, leaving the Section 1983 claims regarding over-prescription of NSAID medications and intestinal bleeding remaining.

On January 15, 2015, Plaintiff filed a motion to amend his complaint to add claims asserted under the Eighth Amendment against Defendants April Dawson, MD, and Corizon Health. As against Dr. Dawson, Plaintiff alleges that, for a period of twenty-four days, she failed to give Plaintiff a medication recommended by a specialist physician to treat his ulcerative colitis. (Dkt. No. 28-1 at 1.) Specifically, Asacol HD was recommended by a specialist who prescribed it. He alleges that Dr. Dawson did in fact order the prescribed medication, but it was not approved,[2] thereby resulting in Plaintiff receiving a "low-rate formulary medication that was not recommended by the specialist." *Id*. The records attached to the proposed amended complaint indicate an alternative medication, Colazal, was recommended as a substitute.[3]

As against Corizon, Plaintiff alleges that it maintains policies that "force providers to only order from a formulary list of low cost and cut rate medications that do not work as well . . . and causes a undue delay in medical care." (sic) (Dkt. No. 28-1 at 3.)

Defendants oppose the motion to amend on the grounds that the proposed amendments are futile, because the allegations fail to state a claim under the Eighth Amendment. Defendants ask also that three pages of medical records inadvertently

---

[2] It is not clear from the record who approves the medications dispensed at the prison. The record indicates only that Dr. Dawson "learned …Asacol not approved." (Dkt. 30-1 at 9.)
[3] Again, it is not clear from the record who advised Dr. Dawson that Colazal was recommended as a substitute. The record indicates that Dr. Dawson was "advised trial of formulary Colazol. Will order med. Confirm with Dr. Serricati that substitution is okay to try." (Dkt. 30-1 at 9.)

**REPORT AND RECOMMENDATION  - 3**

disclosed to Plaintiff during discovery pertaining to two other inmates, and attached to Plaintiff's motion, be stricken from the record and returned to Defendants or be destroyed. (*See* Dkt. 28-1 at 5-7.)

**REPORT**

**1.     Rule 15 Standard**

Under the federal rules, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In making that discretionary decision:

> [A] court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). Leave to amendment is appropriate "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile if no set of facts can be proven under the amendment of the pleadings that would constitute a valid and sufficient claim or defense. *Id*. If it could be

defeated on a motion for summary judgment, an amendment will be deemed futile. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986).

2.   **Standard of Law for Eighth Amendment Claims**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To succeed on a claim under § 1983, a plaintiff must establish a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, a prisoner must show that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires a plaintiff to satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). The Eighth Amendment includes the right to adequate medical care in prison, and prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, the Supreme Court of the United States has explained that, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain [;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence *1214 of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, a prison official or prison medical provider acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam). A delay in treatment does not constitute a violation of the Eighth Amendment unless the delay causes further harm. *McGuckin*, 974 F.2d at 1060. Additionally, differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

A. *Dr. Dawson*

The allegations in the proposed amendments to the complaint fail to state a claim against Dr. Dawson that is actionable under the Eighth Amendment. The allegations are of mere delay, and of a disagreement with the substitution of a formulary medication for a brand name medication. Plaintiff received the substituted medication, and alleges no injury or damages suffered from the delay in treatment or because of the different medication ultimately prescribed.

Plaintiff's complaint actually contains allegations that Dr. Dawson did not ignore Plaintiff's medical needs. She sought to prescribe Asacol HD, and when she learned that the medication was not authorized, she prescribed Colazal after confirming the

REPORT AND RECOMMENDATION - 7

substitution was appropriate. The allegations as contained in the complaint do not establish that Dr. Dawson ignored Plaintiff or that Plaintiff was harmed by the alleged delay, and Plaintiff's insistence on receiving Asacol HD instead of the Colazal is a disagreement between a prisoner and a medical provider, which is not actionable under the Eighth Amendment.

B.   *Corizon*

Plaintiff proposes to add a claim against the entity Corizon, alleging Corizon has a policy or custom of providing less effective formulary medications and that its ordering process results in a delay in care.

To bring a civil rights claim against a municipality, local governing body, or private entity performing a public function, a plaintiff must allege sufficient facts in the complaint meeting the test articulated in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 69–194 (1978): (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

The allegations asserted against Corizon fail to state a claim under the Eighth Amendment. Even assuming that Corizon seeks to cut costs by prescribing formulary approved medications, the allegations do not rise to a level supporting a claim of deliberate indifference to Plaintiff's medical needs. Further, as discussed above, the allegations against Dr. Dawson do not support a claim of deliberate indifference. Thus,

**REPORT AND RECOMMENDATION  - 8**

Plaintiff's claim that Dr. Dawson, by following the ordering policy established by Corizon, does not support a finding that Corizon's policy amounts to deliberate indifference. *See Cutler v. CMS*, No. 3:08–cv–00507–BLW, 2011 WL 4479025 (D. Idaho Sept. 26, 2011) (denying inmate's claim that the defendant had a policy of acting in its interest of sustaining a profitable company without regard to the inmate patient's medical needs where there was no showing that Plaintiff lacked access to medical services, and defendants used their medical judgment, among other facts).

Moreover, the policy provisions for substitution of formulary medications for brand name or other prescribed medications amounts to nothing more than a disagreement over the choice of which medications may be used to treat Plaintiff. As such, the allegations do not rise to an actionable Eighth Amendment claim.

### 3. Disclosure of Medical Records

There are three pages of medical records attached to Plaintiff's submissions that pertain to two other inmates, which are not relevant to the claims in this matter. Plaintiff appears to allege a violation of privacy on behalf of these other inmates, which he cannot do on another's behalf. *See Idaho Aids Foundation, Inc. v. Idaho Housing & Fin. Ass'n.*, 422 F.Supp.2d 1193, 1199 (D. Idaho 2006) (individuals have a right to informational privacy as it pertains to confidential medical information). And, the inadvertent disclosure of the medical records appears to have been a mistake. Aff. of Counsel (Dkt. 30-2.) It appears two persons reviewed the 698 pages of medical information before producing the records to Plaintiff, and inadvertently included three pages pertaining to other inmates in that production. The steps taken to prevent inadvertent disclosure of

REPORT AND RECOMMENDATION - 9

others' protected medical information appears reasonable, and now that counsel is aware of the error, he is attempting to rectify it.

Plaintiff will be ordered to return to Defendants' counsel the three pages inadvertently disclosed, the three pages of records will stricken from the record, and the Clerk will be ordered to remove the documents from public view.

## CONCLUSION

Based upon the allegations in the proposed amendments to the complaint, Plaintiff has not alleged facts establishing an Eighth Amendment claim. Moreover, any amendment to the proposed allegations would be futile, because the factual claims pled simply establish a disagreement over the choice of medications prescribed, and do not allege any injury or damages as a result of the twenty-four day delay in treatment.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Plaintiff's Motion to Amend Complaint to Add Additional Charges (Dkt. 28) be **DENIED**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **March 19, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

## ORDER

**IT IS HEREBY ORDERED THAT** Plaintiff shall return the documents Bates stamped COR 121, COR 122, and COR 525 (Dkt. 28-1 at 5-7) to Defendants' counsel. The documents shall be stricken from the record and the Clerk shall seal the documents from public view.

Dated: **March 19, 2015**

Honorable Candy W. Dale
United States Magistrate Judge