UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN F. WARREN,<br><br>    Plaintiff,<br><br>v.<br><br>CORIZON HEALTH; DR. APRIL DAWSON, M.D.; MICHAEL TAKAGI, PA-C; DIANE DICE, PA-C; STEVEN STEDTFELD, PA-C; DAVID FOSS, NP RYAN VALLEY, HASA; BRISTY DELAOE; JOHN DOE PROVIDER; JANE DOE PROVIDER; STEVEN LITTLE, WARDEN; BRENT REINKE, DIRECTOR OF IDAHO DEPT. OF CORRECTIONS;<br><br>    Defendants. | Case No. 1:14-CV-00011-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On March 19, 2015, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that Plaintiff's Motion to Amend Complaint to Add Additional Charges be denied. (Dkt. 34.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report

**ORDER ON REPORT AND RECOMMENDATION- 1**

within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Plaintiff filed written objections to the Report. (Dkt. 37.) The matter is now ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for

**ORDER ON REPORT AND RECOMMENDATION- 2**

    Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

    The Court has reviewed the entire Report as well as the record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiff has objected and finds as follows.

## DISCUSSION

    The full procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. Plaintiff, a prisoner in the custody of the Idaho Department of Correction, has brought this action against the Defendants raising Eighth Amendment violations resulting from his taking of certain medications provided by Defendants. The Report concluded that the Motion to Amend should be denied because the proposed claims failed to allege facts establishing an Eighth Amendment violation. Instead, the Report finds the allegations show only a disagreement over the choice of medications prescribed to the Plaintiff but do not allege any injury or damages as a result of the delay in

**ORDER ON REPORT AND RECOMMENDATION- 3**

treatment. (Dkt. 34.) Plaintiff objects arguing that the Report improperly denied his request to amend the complaint to add claims relating to his "right to adequate medical care." (Dkt. 37.) Again, Plaintiff challenges the choice of medications he was prescribed and the delay in treatment.

This Court has reviewed the original briefing of the parties, the Report, Plaintiff's objections, as well as the entire record herein. This review was undertaken with the Court being mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)). Applying these principles here, this Court is in agreement with the reasoning and conclusion of the Report that the allegations as to the claims proposed to be added fail to give rise to viable Eighth Amendment causes of action. Therefore, this Court will adopt the Report.

**ORDER ON REPORT AND RECOMMENDATION- 4**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on March 19, 2015 (Dkt. 34) is **ADOPTED** and the Defendant's Motion to Amend (Dkt. 28) is **DENIED**.

DATED: **June 3, 2015**

~~Honora~~ble Edward J. Lodge
U. S. District Judge