UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN F. WARREN,<br><br>    Plaintiff,<br><br>  v.<br><br>CORIZON HEALTH; DR. APRIL DAWSON, M.D.; MICHAEL TAKAGI, PA-C; DIANE DICE, PA-C; STEVEN STEDTFELD, PA-C; DAVID FOSS, NP RYAN VALLEY, HASA; BRISTY DELAOE; JOHN DOE PROVIDER; JANE DOE PROVIDER; STEVEN LITTLE, WARDEN; BRENT REINKE, DIRECTOR OF IDAHO DEPT. OF CORRECTIONS;<br><br>    Defendants. | Case No. 1:14-CV-00011-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## INTRODUCTION

On December 8, 2015, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that the Motion for Summary Judgment as to Defendants Dawson and Dice be granted and that the claims against the remaining Defendants be dismissed without prejudice. (Dkt. 46.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule

**ORDER ON REPORT AND RECOMMENDATION- 1**

72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Plaintiff filed written objections. (Dkt. 47.) The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

**ORDER ON REPORT AND RECOMMENDATION- 2**

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

The Court has reviewed the entire Report as well as the full record in this matter for clear error on the face of the record and none has been found. The Court has also conducted a *de novo* review of those portions of the Report to which the Plaintiff has objected and finds as follows.

## DISCUSSION

The procedural background and facts of this case are more fully contained in the Report and the Court incorporates the same in this Order. (Dkt. 46.) Plaintiff, a prisoner in the custody of the Idaho Department of Corrections, initiated this action by filing his *pro se* Complaint against the Defendants raising claims under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment right. (Dkt. 3.) On December 4, 2014, this Court entered an Order granting in part and denying in part the Defendants' Motion to Dismiss/Motion for Summary Judgment which dismissed certain of Plaintiff's claims but allowed the claims relating to the over-prescribing of nonsteroidal anti-inflammatory drugs (NSAIDs) medications and

intestinal bleeding to proceed. (Dkt. 25.)[1] On the surviving claims, the Plaintiff generally alleges the Defendants were deliberately indifferent in over-prescribing him NSAIDs without providing precautionary information which caused him to suffer from colon ulcers, intestinal bleeding, gastritis, inflammatory bowel disorder, and other injuries known to be linked to the use of NSAIDs. (Dkt. 3.) Defendants April Dawson, M.D., and Diana Dice, PA-C, filed the Motion for Summary Judgment which is the subject of the Report and this Order. (Dkt. 40.)[2]

This Court has reviewed the original briefing of the parties, the Report, Plaintiff's objections, and the entire record herein. In doing so, the Court recognizes that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

---

[1] The Court also denied Plaintiff's Motion to Amend. (Dkt. 34, 43.)

[2] In the Court's Initial Review Order, Plaintiff was advised that if he received notice from Defendants indicating service would not be waived, he would have ninety days in which to provide service to those non-waiving Defendants. (Dkt. 9.) Service was waived only as to Defendants Dawson and Dice. Plaintiff has not provided service addresses for the remaining Defendants. Therefore, as stated in the Report, Plaintiff's claims against Defendants Michael Takagi, Steven Stedtfeld, and David Foss are dismissed without prejudice. (Dkt. 46.)

**ORDER ON REPORT AND RECOMMENDATION- 4**

Applying the above principles to this matter, this Court agrees with the reasoning and conclusion of the Report finding the Plaintiff failed to raise a genuine issue of material fact demonstrating that Dr. Dawson or P.A. Dice were deliberately indifferent in relation to the over-prescription of NSAIDs claim. (Dkt. 46.) The Court finds the Report's recitation of the facts is accurate and complete and concurs with the Report's discussion of the applicable law and analysis. For these reasons, the Court will adopt the Report and grant the Motion for Summary Judgment.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on December 8, 2015 (Dkt. 46) is **ADOPTED IN ITS ENTIRETY** as follows:

1)     The Defendant's Motion for Summary Judgment (Dkt. 40) is **GRANTED**.

2)     The claims against the Defendants Michael Takagi, PAC, Steven Stedtfeld, PA-C, and David Foss, NP, are dismissed without prejudice.

3)     Judgment shall be entered in favor of Defendants April Dawson, M.D., and Diana Dice, PA-C.

DATED: **February 18, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ON REPORT AND RECOMMENDATION- 5**